```
                  IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON

                           PENDLETON DIVISION

DAVID SILVERMAN MADRIGAL,
                                       Case No. 2:09-CV-1115-SU
        Petitioner,

    v.

BRIAN BELLEQUE,
                                       FINDINGS AND RECOMMENDATION
        Respondent.

    David Silverman Madrigal, #15418834
    Oregon State Penitentiary
    2605 State Street
    Salem, Oregon 97310

        Petitioner, Pro Se

    John R. Kroger, Attorney General
    Summer R. Gleason, Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent
```

1 - FINDINGS AND RECOMMENDATION

SULLIVAN, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying Washington County convictions for Rape in the First Degree. Because petitioner failed to timely file this action, the Petition for Writ of Habeas Corpus (#2) should be dismissed.

## BACKGROUND

In 2004, petitioner pled guilty in the Washington County Circuit Court to three counts of Rape in the First Degree and was sentenced to a total of 180 months of imprisonment. On appeal, counsel filed petitioner's Appellant's Brief pursuant to *State v. Balfour*, 311 Or. 434, 814 P.2d 1069 (1991). The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the [appellate] court of the jurisdictional basis for the appeal." *Id* at 451. The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 451-52. With respect to Section B:

> Counsel shall provide the client with appropriate legal advice on these claims of error, but shall present to the court in the brief the issue that the client seeks to raise in the manner that the client seeks to raise it. In so doing, counsel's role is limited to attempt to see to it that the client states

2 - FINDINGS AND RECOMMENDATION

>     the issues and arguments in proper appellate
>     brief form and the brief is timely filed.

*Id* at 452.

In this case, counsel filed Section A of the Appellant's Brief, but petitioner did not seek to include any assignments of error in the brief. Respondent's Exhibit 105, pp. 3-4. As a result, he did not present any claims to the Oregon Court of Appeals. Petitioner, through counsel, did not petition the Oregon Supreme Court for Review, and his convictions became final when the Appellate Judgment issued on December 27, 2005. Respondent's Exhibit 102

Petitioner next signed his petition seeking post-conviction relief ("PCR") on November 14, 2006. Respondent's Exhibit 103. The PCR trial court denied relief on his claims as did the Oregon appellate courts. The PCR Appellate Judgment issued on July 27, 2009. Respondent's Exhibit 104.

Petitioner signed and mailed his federal Petition for Writ of Habeas Corpus on September 16, 2011 raising various claims of ineffective assistance of counsel. Respondent asks the court to dismiss the Petition on the basis that petitioner failed to file it within the one-year statute of limitations contained within the Anti-terrorism and Effective Death Penalty Act ("AEDPA").

## DISCUSSION

The AEDPA was enacted on April 24, 1996 and provides that a one-year statute of limitations applies to federal habeas corpus

3 - FINDINGS AND RECOMMENDATION

actions filed by state prisoners. The one-year period runs from the latest of:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

The period of direct review also includes the 90-day period within which a petitioner can file a petition for writ of certiorari with the United States Supreme Court, whether or not he actually files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Because petitioner did not file a petition for review with the Oregon Supreme Court, he is not entitled to the 90-day period in which to file for certiorari because only final judgments of a state's highest court are directly appealable to the U.S. Supreme Court. 28 U.S.C. § 1257.

In addition to the tolling available during direct review, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the

4 - FINDINGS AND RECOMMENDATION

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In this case, respondent calculates that petitioner allowed 373 untolled days to elapse prior to filing this habeas action, a calculation petitioner does not contest.[1] While petitioner does not dispute that he filed his case beyond AEDPA's 365-day statute of limitations, he contends that the untimely filing is the fault of his direct appellate attorney and should not be attributed to him. Specifically, he asserts that his direct appellate attorney was duty-bound to file a Petition for Review in the Oregon Supreme Court during direct review, which would have tolled AEDPA's statute of limitations during the pendency of that action as well as for 90 days following the conclusion of his state direct appeal. *See Bowen, supra*. Based on this alleged error by counsel, petitioner appears to ask the court to toll AEDPA's statute of limitations for at least the 90-day period in which he could have filed for certiorari had counsel filed a petition for review with the Oregon Supreme Court.

Although the Ninth Circuit has authorized equitable tolling, it is not available in most cases. Equitable tolling is

---

[1] The court's calculation amounts to 372 days, likely because it does not count the date petitioner filed his Petition for Writ of Habeas Corpus as an elapsed day as respondent appears to. The difference between these calculations, however, has no impact on the resolution of this case.

5 - FINDINGS AND RECOMMENDATION

appropriate when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (quoting *Brambles v. Duncan*, 330 F.3d 1197, 1202 (9th Cir. 2003)). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. *Tillema v. Long*, 253 F.3d 494, 504 (9th Cir. 2001); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see also Calderon v. United States District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Court*, 163 F.3d 530 (9th Cir. 1998)(en banc), *cert. denied* 526 U.S. 1060 (1999).

When petitioner's direct appellate attorney filed a *Balfour* brief in the Oregon Court of Appeals, it was petitioner's responsibility to present his claims to that court because counsel ethically could not. *See Balfour, supra*. When petitioner did not include a Section B to his *Balfour* brief, he not only failed to present any claims to the Oregon Court of Appeals, but also left himself without any preserved claim for review by the Oregon Supreme Court. Under those circumstances, it was perfectly reasonable for his appointed attorney not to file a petition for review.[2] As a result, tolling of the AEDPA's statute of

---

[2] Even assuming counsel had negligently failed to file a petition for review in the Oregon Supreme Court on petitioner's behalf, and further assuming this actually impacted petitioner's ability to timely file this habeas case, equitable tolling would still not be appropriate. The Ninth Circuit has held that even

6 - FINDINGS AND RECOMMENDATION

limitations is not appropriate, and the court should dismiss the Petition on the basis that it is untimely.

### **RECOMMENDATION**

The Petition for Writ of Habeas Corpus (#2) should be DISMISSED on the basis that it is untimely and a judgment should be entered dismissing this case with prejudice. The court should decline to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

### **SCHEDULING ORDER**

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due by February 27, 2012. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

///

///

///

///

///

///

---

an attorney's "miscalculation of the limitations period . . . and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001); *Miranda v. Castro*, 292 F.3d 1063, 1067 (9th Cir. 2002). *See also Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007).

7 - FINDINGS AND RECOMMENDATION

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this <u>9th</u> day of February, 2012.

<u>/s/ Patricia Sullivan</u><br>
Patricia Sullivan<br>
United States Magistrate Judge

8 - FINDINGS AND RECOMMENDATION